### THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN FREEMAN COLT, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT <br><br> Case No. 4:21-cr-000122-DN-JCB <br><br> District Judge David Nuffer <br> Magistrate Judge Jared Bennett |

Based on Defendant's Stipulated Motion to Continue Jury Trial ("Motion")[1] and for good cause appearing, the court makes the following findings:

1. Defendant appeared on December 6, 2021, for an arraignment on the indictment.[2] Defendant's jury trial was scheduled for February 14, 2022, which was within the time allowable by the Speedy Trial Act.[3]

2. The government has moved to continue trial for 120 days pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[4] This is the government's first request for continuance of the trial in this matter.

3. Against the backdrop of this case, the country has continued to wrestle with a severe outbreak of the Coronavirus Disease (COVID-19). On March 16, 2020, Chief Judge Robert Shelby issued General Order No. 20-009 in response to the outbreak, continuing all

---

[1] Docket no. 21, filed January 27, 2022.

[2] Minute Entry for proceedings held before Judge Magistrate Judge Jared C. Bennett, docket no. 10, filed December 6, 2021.

[3] *Id*.

[4] Motion at 7.

criminal jury trials pending further order of the Court. Through successive General Orders, Chief Judge Shelby vacated all jury trials through April 2021.

4. On April 29, 2021, pursuant to General Order No. 21-003, the courthouse began continuous, consecutive jury trials, one trial at a time in the courthouse. Through additional General Orders No.'s 21-007, 21-009, 21-012, and 21-015, Chief Judge Shelby ordered that the time between April 1, 2021, and January 31, 2022, was to be excluded from speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7)(A). In these Orders, Chief Judge Shelby notes the restricted access to detained federal clients by both courts and defense counsel, the health risks associated with trial that remain acute, and defense counsel's diminished ability to prepare for criminal trials in light of the pandemic. The court adopts the factual findings in these orders.

5. On January 5, 2022, all trials through February 14 were vacated and time was excluded from the Speedy Trial Act due to the rise in the Omicron Variant of COVID-19.

6. Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control. Furthermore, the government anticipates it may require out-of-state witnesses for this matter should it proceed to trial.[5]

7. Counsel for the Defendant advises she is still conducting investigatory work and needs additional time to complete her efforts given the constraints of the pandemic and that this case involves allegations of conduct spanning multiple states.[6]

---

[5] *Id*. at 6.
[6] *Id*.

8. Counsel for Defendant, Tessa Hanson, was contacted and stipulated to the proposed continuance.[7]

9. There are no other defendants in this case.

## DISCUSSION

Beginning on March 16, 2020, the District of Utah ("the Court") entered numerous general orders dealing with court operations during the COVID-19 pandemic and suspending jury selection and jury trials, including but not limited to General Orders 20-008, 20-009, 20-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, 21-015, and 22-002. The orders contained facts about the state of the COVID-19 health crisis, including the procedural and practical challenges to seating a jury in the midst of the pandemic, and the Utah Governor's Stay Safe, Stay Home directive. By court order, time was excluded from the speedy trial calculation pursuant to the ends of justice exclusion under 18 U.S.C. § 3161(h)(7)(A). For example, in April 2020, the Court explained:

> An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [*United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).] The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of

---

[7] *Id*. at 7.

time through June 15, 2020, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.   In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.   The Court is experiencing significant restrictions on access to federal defendants during this outbreak.   Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial.   Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials.   Moreover, the health risks associated with trial are acute.   Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.   Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court.   Video and audio conferencing, used for hearings, are not available for trials.   Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.[8]

The order further stated that "[j]udges are encouraged to enter speedy trial orders in the cases over which they preside."[9]

Similar orders were entered until March 16, 2021, when the Court announced it was moving to Phase II of its phased reopening plan, effective April 1, 2021.[10]   The Order ruled that a limited number of continuous, consecutive, criminal jury trials would take place, beginning on April 29, 2021, and time would be excluded under the Speedy Trial Act.[11]

On January 5, 2022, the court entered an order returning court operations to Phase I because of "conditions related to the Omicron variant and its impact in the District" and vacating jury trials scheduled between January 5 and February 14, 2022.[12]

The court explained:

---

[8] D. Ut. General Order 20-012 at 3-4.

[9] *Id*. at 5.

[10] D. Ut. General Order 21-003.

[11] *Id.* at 4, 6-7.

[12] D. Ut. General Order 22-002 at 3.

4

Utah and the nation remain in the midst of the most serious global pandemic in over a century. And the rapid increase of cases resulting from the widespread circulation of the highly contagious Omicron variant presents the possibility that the next several weeks may see the highest daily count totals in Utah since the pandemic began. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. The Centers for Disease Control and Prevention (CDC) continues to issue and modify guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.

Globally, it is estimated that over 280 million people have been infected by the COVID-19 virus, resulting in nearly 5.5 million deaths. It's likely that those numbers significantly underestimate the actual cases and deaths. There are nationwide now nearly 55 million cases of Americans infected with COVID-19, and over 820,000 confirmed deaths. Utah has now confirmed more than 650,000 cases, resulting in nearly 28,000 hospitalizations and more than 3,800 deaths. Positive case counts are accelerating in Utah, throughout the nation, and around the globe. Daily case counts in Utah are near or above the highest point since the pandemic began. Utah posted this week the highest daily number of new cases and deaths, and the seven-day rolling case average is at the highest point since the pandemic began. COVID-19 test positivity rates in Utah suggest significant community spread, and infection rates are climbing rapidly in response to the new Omicron variant. The state has been unable for many months [sic] reduce infection and diminish serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding at disappointing levels in Utah where the percentage of vaccinated persons in Utah remains below rates in many neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.

Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. The Court further concludes the recent significant deterioration in conditions presents an acute risk to the court community and the community at-large. The personal safety of the court community and those we serve remains the Court's top priority. While safety protocols and other measures have enabled the court to safely operate for many months in Phase II of the Court's phased reopening plan, the Court concludes it can no longer do so.[13]

---

[13] *Id.* at 4-5.

The Court continued criminal trials through February 14, 2022, and excluded time under the Speedy Trial Act:

> Speedy Trial Act:   For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, and 21-015, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between January 1, 2022, and February 14, 2022, is hereby EXCLUDED from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).   An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."   [Citing United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009)].   The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.   The ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.   The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).   Specifically, the Court finds that the exclusion of time through February 14, 2022, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.
>
> In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.   The Court continues to experience restrictions on access to federal defendants during this outbreak.   Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.
>
> Beyond that, the health risks associated with trial remain acute in Utah and throughout the nation.   Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.   The Court concludes it is no longer possible to safely host even one jury trial at a time in space available in the courthouse.   Empaneling and hosting a jury, including facilitating jury selection and jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court.   Video and audio conferencing, used for hearings, are not available for criminal jury trials.   Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses,

and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.[14]

Time has been excluded by the Court under an ends-of-justice approach from the Speedy Trial Act calculation since April 1, 2021.

### Continuance and Exclusion of Time under the Speedy Trial Act

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[15] Such an exclusion of time is specifically prohibited "because of general congestion of the court's calendar."[16]

But these conditions are not "general congestion." The need to conduct trials safely and reduce the backlog of older cases with defendants in custody requires careful triage and prioritization of trials. Failure to take these precautions, alongside the difficulties faced with client communication and preparation due to the COVID-19 pandemic, would result in a miscarriage of justice and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The state of the COVID-19 Pandemic makes trial preparation difficult for the government,

---

[14] *Id.* at 6-7.

[15] United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

[16] 18 U.S.C. § 3161(h)(7)(C).

considering the close contact with witnesses required for trial preparation and the fact that witnesses may reside in other states.[17] Therefore, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial. The time from the filing of this motion to the new trial date will be excluded from Defendant's speedy trial computation. The continuance is not based on lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

**ORDER**

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.   The Motion[18] is GRANTED.

2.   The jury trial in this matter scheduled to begin on February 14, 2022, is hereby continued to June 13, 2022, at 8:30 a.m.

3.   The time period between the filing of the Motion and June 13, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

---

[17] *See* Motion at 6..
[18]

DATED this 28th day of January, 2022.

                                        BY THE COURT:

                                        _____
                                        David Nuffer
                                        United States District Judge